UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND COLES,

   Plaintiff,       Case No. 2:04-cv-73671

v.             Honorable Susan K. DeClercq
              United States District Judge
FLEX N GATE FORMING
TECHNOLOGIES, L. L. C.,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR
REDRESS APPEAL AND CERTIFICATION (ECF Nos. 63; 67; 68; 69) AND
DENYING AS MOOT PLAINTIFF'S MISCELLANEOUS MOTION (ECF
No. 64)**

In this closed employment case, Plaintiff Gayland Coles essentially asks this

Court to upend decisions by the district court and the Sixth Circuit from nearly 20

years ago to pursue allegedly pending claims against Defendant Flex N Gate

Forming Technologies, L.L.C. (FNG). Because his requests are not actionable under

the authority he cites and are otherwise untimely, this Court will deny his motions.

**I. BACKGROUND**

**A. Procedural History**

In September 2004, Coles obtained counsel and sued FNG for racial

discrimination, a hostile work environment, and retaliation under 42 U.S.C. § 1981,

Title VII of the Civil Rights Act, and the Michigan Elliott-Larsen Civil Rights Act

(ELCRA). ECF No. 1; *see also* ECF Nos. 13; 14 (filing an amended complaint with the same core allegations). His discrimination allegations included claiming that FNG failed to promote him on the basis of his race, in violation of both federal and state law. *See* ECF No. 14 at PageID.64.

In July 2005, FNG moved for summary judgment, ECF No. 22. In February 2006, the Court granted FNG's motion in part, to the extent that it found that Coles's failure to promote claim was time barred because he did not exhaust his administrative remedies. ECF No. 38 at PageID.716–17 (noting that his Equal Employment Opportunity Commission claims did not include any failure to promote assertions). The Court denied FNG's motion for summary judgment in all other aspects. *Id.* at 723 (finding that the motion was denied on all "claims except for [Coles's] 'failure to promote' claim").

The following week, Coles filed a motion for reconsideration, arguing that the Court erroneously combined his failure to promote claim under state law, *i.e.*, ELCRA, with his failure to promote claim under federal law. ECF No. 40 at PageID.726–27. Therefore, Coles argued, the Court erred by dismissing his state-law claim under the federal standards and statute of limitations, which are different from the state standards and limitations. *Id.* He elaborated that his state-law claim was timely and did not have an administrative exhaustion requirement, meaning it

- 2 -

should not have been wholly dismissed with his federal claims under the federal standards. *Id.*

In April 2006, the Court agreed with Coles and modified its order to reinstate his ELCRA discrimination claim for failure to promote. ECF No. 42. FNG then moved for reconsideration, arguing that the Court should not have revived Coles's ELCRA failure to promote claim for procedural reasons without addressing the merits of that claim. ECF No. 44 at PageID.773. But the Court denied FNG's motion, finding that there was a genuine issue of material fact whether FNG failed to promote Coles because of racial animus. ECF No. 46.

The Parties then met for a settlement conference in September 2006. *See* ECF No. 53. The following month, the Parties agreed to a settlement, and the Court granted a stipulation and order of dismissal of the case with prejudice (hereafter "Stipulated Dismissal Order"). ECF No. 54 at PageID.837.

But the next month, Coles moved *pro se* to vacate the Court's February 2006 order granting in part and denying in part FNG's motion for summary judgment (hereafter "MSJ Order"), arguing that although the Parties settled on other issues of discrimination and retaliation, "[t]he failure to promote charge is exempt from the confidential settlement agreement" because of newly discovered evidence that his own attorney and FNG "worked together in collusion…to withhold evidence." ECF No. 55 at PageID.840.

- 3 -

In January 2007, the Court denied Coles's motion because "his request was untimely filed (eight months subsequent to the entry of the challenged [MSJ] Order), and the decision by the Court, which is the subject of Coles' request for reconsideration, was based upon a mutually agreed upon resolution between the parties." ECF No. 58 at PageID.928–29.

Undeterred, Coles appealed the following month. ECF No. 59. In May 2008, the Sixth Circuit denied his appeal for the same reasons, noting that he "did not file a timely appeal from the final judgment in this case," *i.e.*, the Stipulated Dismissal Order. ECF No. 61 at PageID.994. Instead, he moved to vacate the district court's prior summary judgment order," *i.e.*, the MSJ Order. *Id.* Most notably, the Sixth Circuit held that Coles's "arguments are effectively moot in light of the settlement agreement that he executed….[and] he did not raise a timely appeal regarding that [Stipulated Dismissal] order." *Id.* (noting that a settlement "includes a complete waiver of the claims that he seeks to relitigate here").

### B. Current Motions

Now, nearly 20 years later, Coles has filed five voluminous "motions for redress appeal and certification under Federal Rule 54(b)," maintaining that he has an active failure to promote claim in need of resolution. *See* ECF Nos. 63; 64[1]; 67;

---

[1] Although this filing is labeled as a motion, the document is actually Coles's version of a certificate of service and proof of service for the preceding motion. *See* ECF

68; 69. Coles argues again that the failure to promote claim was not part of the settlement agreement, is still pending, and is appealable. ECF Nos. 63 at PageID.1024; 67 at PageID.1168; 69 at PageID.1192. He also claims that the settlement agreement was fraudulent because (1) his attorney colluded with FNG to "lowball" him and (2) his attorney "did not object to the fact that [other Acts] were included in the settlement agreement but were not a part of the original complaint." ECF Nos. 63 at PageID.1016–18; 67 at PageID.1168, 1171; ECF No 68 at PageID.1178, 1183–84.

He further claims that the Court was biased by "refus[ing] [him] due process" because its order denying his motion for consideration allegedly rested on a "manipulation of procedural rules, including an unauthorized, self-made alteration of Federal Rule 60(b)['s]" year-long time limit to find that eight months was untimely.  ECF No. 63 at PageID.1035, 1060–61, 1065; *see also* ECF Nos. 67 at PageID.1167–68, 1171–73; 69 at PageID.1188, 1190. Indeed, Coles alleges that the Court "invoked a curse upon [him] that has lasted 20 years." ECF No. 69 at PageID.1188.

Coles makes clear that he is seeking relief under Civil Rule 54(b), arguing that it gives courts the power to dispose of final judgments and make way for appeals.

---

No. 64 at PageID.149–50 (stating that Coles mailed a copy of the motion to FNG and paid the shipping fee). Accordingly, this Court need not make any determinations upon the "merits" of this filing and finds it moot.

ECF No. 63 at PageID.1012, 1019, 1046. He also refers to Civil Rule 11(b), claiming that the fraudulent settlement agreement violates this rule and entitles him to relief for "unfairness." ECF No. 63 at PageID.1012, 1062.

## II. LEGAL STANDARD

Civil Rule 54(b) provides that "[w]hen an action presents more than one claim for relief, . . . the court may direct entry of a final judgment as to one or more, but fewer than all claims . . . only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *see also In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (holding that certification under Civil Rule 54(b) "requires two separate findings. First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review" (cleaned up)). "A decision is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Bd. Of Trs. Of Plumbers, Pipe Fitters & Mech. Equip. Serv. Local Union No. 392 v. Humbert*, 884 F.3d 624, 625 (6th Cir. 2018) (cleaned up).

## III. ANALYSIS

Amidst hundreds of pages of claims in his motions, Coles's reasoning appears to be as follows: He alleges that the settlement agreement did not include his failure to promote claim. So he argues that the Stipulated Dismissal Order—which

dismissed the case with prejudice on the basis of the settlement agreement—was not a final decision and has left his unresolved failure to promote claim pending. Because this claim is allegedly pending, Coles seems to think that he is entitled to judgment on that claim so that he may file some sort of new appeal. As explained below, this reasoning is legally unsound, and this Court may not grant his motions for the reasons he provides.

**A. Rule 54(b) Judgment**

Coles seeks relief under Civil Rule 54(b) by arguing that his failure to promote claim is still live because it was not resolved by the settlement agreement. *See* ECF No. 63 at PageID.1024. True, "Civil Rule 54(b) allows the district court to enter final judgment on one or more claims that have been determined *when the case remains open because other claims remain pending*," but Coles's case is *not* open. *Cordts v. Huron Charter Twp.*, No. 18-13017, 2021 WL 1339510, at *1 (E.D. Mich. Apr. 8, 2021) (emphasis added). Indeed, his case was closed nearly 20 years ago by the Stipulated Dismissal Order. *See* ECF No. 54. Despite Coles's arguments that his failure to promote claim remains live, the Stipulated Dismissal Order is a final order of judgment for the case *"in its entirety with prejudice,"* *id.* at PageID.837 (emphasis added), *i.e.,* the whole case, which the Court and the Sixth Circuit repeatedly made clear to Coles. *See* ECF Nos. 55; 61. *Humbert*, 884 F.3d at 625. Therefore, there is

no pending claim necessitating a Civil Rule 54(b) judgment and certification. *See Cordts*, 2021 WL 1339510, at *1.

Furthermore, the purpose of certification under Rule 54(b) is to allow access to appellate review of judgments on specific claims in cases that are not yet closed. *See Humbert*, 884 F.3d at 625–26 (explaining that federal courts of appeals can only review final decisions and that there is a general rule against "piecemeal appeals" to encourage single appeals of whole cases and the controversial matters therein). But here, Coles's whole case is already closed and has already been appealed, so he does not need the certification to appeal that Civil Rule 54(b) describes. *See* ECF Nos. 59–62. For these reasons, relief under Civil Rule 54(b) is not available to Coles, and this Court will deny his motions.

### B. Other Claims

To the extent that Coles brings other tangential allegations about his attorney, fraud, or judicial process, these allegations are still not actionable under the authority he cites, nor are they timely.

For example, Coles mentions that he was "forced to sign the settlement agreement that was based on fraud" and that this fraud violates his right to fairness under Civil Rule 11(b). *See* ECF No. 63 at PageID.1012, 1016, 1062. But Civil Rule 11(b) is not an actionable basis for the relief he seeks because it governs how parties should make appropriate representations in a pleading, motion, or other papers. *See*

FED. R. CIV. P. 11(b). Therefore, this Court cannot grant the relief Coles seeks under this rule. *See id.*

Coles also mentions due process issues, claiming that the Court "manipulated" Civil Rule 60[2] through "an unauthorized, self-made alteration" deny his motion for being untimely after only eight months had transpired. ECF No. 63 at PageID.1035, 1060–61, 1065. But, as the Sixth Circuit noted, the actual order he was challenging was the earlier MSJ Order, not the Stipulated Dismissal Order. *See* ECF No. 61 at PageID.994. And even if he could have challenged the MSJ Order after the Stipulated Dismissal Order, Civil Rule 60(c) merely states that a motion seeking relief from a final judgment or order under Civil Rule 60(b) must be made "*no more than a year after the entry of judgment*" or "within a reasonable time." FED. R. CIV. P. 60(c). Because district courts can exercise discretion to determine whether a motion was made "within a reasonable time," Coles has not established that the Court violated his rights. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905–06, 908 (6th Cir. 2006) (holding that the district court did not abuse its discretion by finding that a Rule 60(b) motion filed nearly 11 months after judgment was not within a reasonable time).

---

[2] Coles mistakenly refers to Civil Rule 60(b) here, which outlines the grounds for relief from a final judgment or order—including mistake, newly discovered evidence, and the like—but it is Civil Rule 60(c) that clarifies the timing for such motions.

Finally, Coles adamantly argues that he seeks relief under Civil Rule 54(b) rather than Civil Rule 60(b), but even if he were to seek relief under the latter, his motions are untimely because such motions "must be made within a reasonable time—and for reasons [(b)](1), [(b)](2), and [(b)](3) no more than a year after the entry of the judgment or order." *See* FED. R. CIV. P. 60(c). Nearly 20 years later is not within a reasonable time. *See id.*; *see also Johnson v. Fitz*, No. 2:15-cv-02745, 2025 WL 1659291, at *4 (W.D. Tenn. June 10, 2025) (finding that filing the motion over five years later was not within a reasonable time) (collecting cases).

In sum, this Court cannot grant Coles's requested relief for the reasons he provides and will deny his motions.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motions for Redress and Certification, ECF Nos. 63; 67; 68; 69, are **DENIED**.

It is further **ORDERED** that Plaintiff's miscellaneous motion, ECF No. 64, is **DENIED AS MOOT**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2026